**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**THOMAS LACEY,**

**Plaintiff,**

**v.** **CASE NO.:**

**EDGE COMMUNICATIONS SOLUTIONS, LLC,**

**Defendant.**
**____________________________________/**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, THOMAS LACEY, by and through undersigned counsel, brings this action against Defendant, EDGE COMMUNICATIONS SOLUTIONS, LLC, and in support of his claims states as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages for violations of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 et seq.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331.

3. Venue is proper in the Middle District of Florida, because Plaintiff conducted the majority of business for the Defendant from his home office located in Lakeland, in Polk County, Florida.

**PARTIES**

4. Plaintiff is a resident of Polk County, Florida, and is a former employee of Defendant.

5. Defendant is a Delaware corporation in business as a provider of communications, data, systems security and business technology services headquartered in Plano, Texas, with an office and place of business located in Miami, in Miami-Dade County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the ADA.

10. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the ADA.

## FACTS

11. Plaintiff began working for Defendant on July 2016 as a project manager/director and he worked in this capacity until September 2018.

12. During Plaintiff's employment with Defendant, Plaintiff suffered from a physical or mental condition that substantially limited his ability to perform one or more major life activities. Plaintiff had a record of such condition, and/or was regarded by Defendant as having a condition that substantially limited his ability to perform one or more major life activities.

13. Plaintiff continues to suffer from the aforementioned physical or mental condition.

14. At all times material hereto, Plaintiff could perform the essential functions of his job with Defendant with or without accommodation.

15. Thus, Plaintiff was a "qualified individual with a disability" within the meaning of the ADA.

16. On or about a date in July 2018, Plaintiff notified Defendant of his condition.

17. On or about August 9, 2018, Plaintiff requested an accommodation from Defendant for his condition. Specifically, Plaintiff requested time off from work to recover from back surgery that was being performed to remove a tumor on his spine on August 30, 2018.

18. Defendant failed to engage Plaintiff in an interactive discussion regarding potential accommodations for his disability.

19. Plaintiff used paid time off to cover his disability related absences. Plaintiff was off from work for approximately 10 business days.

20. Plaintiff returned to work on or about September 14, 2018 but still suffered from nerve pain. Plaintiff's recovery period from surgery was expected to be approximately 10 weeks.

21. Defendant failed to offer Plaintiff reasonable accommodations for his disability, even though it could have done so without experiencing undue hardship.

22. On or about September 18, 2018, Defendant terminated Plaintiff's employment based on his disability in violation of the ADA.

**<u>COUNT I – ADA VIOLATION</u>**
**(DISABILITY DISCRIMINATION)**

23. Plaintiff realleges and readopts the allegations of paragraphs 1 through 22 of this Complaint, as though fully set forth herein.

24. Plaintiff is a member of a protected class under the ADA.

25. Plaintiff was subjected to disparate treatment by Defendant on the basis of his disability, and/or perceived disability.

26. Specifically, Defendant failed or refused to engage in an interactive discussion about accommodations, and subsequently denied Plaintiff a reasonable accommodation that would have permitted him to perform all of the essential functions of his job with Defendant.

27. Defendant's actions were willful and done with malice.

28. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter an injunction restraining continued violation of the ADA;

d) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

e) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

f) Reinstatement of Plaintiff's full fringe benefits and seniority rights;

g) Any other compensatory damages, including emotional distress, allowable at law;

h) Punitive damages;

i) Prejudgment interest on all monetary recovery obtained.

j) All costs and attorney's fees incurred in prosecuting these claims; and

k) For such further relief as this Court deems just and equitable.

**COUNT II—ADA VIOLATION**
**(DENIAL OF REASONABLE ACCOMMODATION)**

27. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 22 of this Complaint, as though fully set forth herein.

28. Plaintiff is disabled, or was perceived by Defendant as being disabled.

29. Defendant failed to provide Plaintiff with a reasonable accommodation for his disability, and shortly thereafter terminated his employment.

30. Defendant's actions were willful and done with malice.

31. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issues and that this Court take jurisdiction over the case;

(c) An injunction restraining continued violation of law enumerated herein;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

   (f) Compensatory damages, including emotional distress, allowable at law;

(g) Punitive damages;

(h) Prejudgment interest on all monetary recovery obtained;

(i) All costs and attorney's fees incurred in prosecuting these claims; and

(j) For such further relief as this Court deems just and equitable.

**JURY TRIAL DEMAND**

Plaintiff demands trial by jury as to all issues so triable.

Dated this 15th day of March, 2019.

Respectfully submitted,

**LUIS A. CABASSA**
Florida Bar Number: 0053643
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: (813) 379-2565
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: twells@wfclaw.com
**Attorneys for Plaintiff**